## Stagg *v.* Pomroy et al.

Where written interrogatories have been propounded to a witness to be examined under a commission, and cross interrogatories have been added by the opposite party, the examination must be restricted to them, unless with the consent of both parties. Stat. 25 March, 1828, ss. 7, 9.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Lee*, for the plaintiff. *Frost* and *Upton*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. A commission was taken out by the plaintiff for the examination of a witness in New York. Interrogatories were propounded by the plaintiff, and cross interrogatories were furnished by the defendants. There was no consent that any further interrogatories might be propounded at the examination by the parties or counsel attending on their behalf. It appears by the commissioner's certificate that, at the examination, a person appeared as counsel on behalf of the plaintiff and examined the witness, and that no one appeared on behalf of the defendants. What portions of the answers to the interrogatories, some of which answers were very long and minute, were the result of the examination of counsel, does not appear. To the introduction of the testimony thus taken the defendants excepted.

We think the execution of the commission was irregular. The defendants annexed cross-interrogatories to such interrogatories as were presented to them in writing, and had a right to suppose that the examination of the witness would be restricted to them. Any further enquiries propounded by the plaintiff's counsel before the commissioner were *ex parte*, and to the disadvantage of the defendants, who had no opportunity of counteracting them by cross-examination. Whatever right a party may have to attend personally or by counsel before the commissioner, it is quite clear that he cannot without the consent of the opposite party, propound further interrogatories or take the examination of the witness out of the commissioner's hands. See the Act of 1828, p. 152.

It is therefore decreed that the judgment of the court below be reversed, and that there be judgment for the defendants as in case of non-suit, the plaintiff paying costs in both courts.